IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DARRELL WHITAKER                                                                          PLAINTIFF

V.                                                          CAUSE NO.: 3:14CV100-SA-SAA

BETH WHITAKER                                                                             DEFENDANT

ORDER ON MOTIONS

Plaintiff Darrell Whitaker filed this action on May 9, 2014, alleging a breach of contract, conversion, and emotional distress against his sister, Beth Whitaker. After a case management conference was held, Plaintiff voluntarily dismissed this federal action. Defendant then filed a Motion for Sanctions [18] to which Plaintiff responded. Plaintiff then countered with a Motion to Strike the Motion for Sanctions [22].

Motion for Sanctions

Defendant moves for sanctions against Plaintiff and his attorney pursuant to Federal Rules of Civil Procedure 11, 37, and 16. She also cites 28 U.S.C. Section 1927 as a basis for imposing sanctions. Defendant contends that Plaintiff and his attorney filed this claim frivolously and misrepresented material facts to the magistrate judge involved with this case. Further, Defendant claims that Plaintiff and his attorney intentionally multiplied the proceedings in order to compound the time and money involved in litigation.

A trial court generally has wide discretion to award sanctions related to violations of its orders and inappropriate conduct by attorneys or parties. These sanctions stem from both the court's inherent equitable power and the authority codified in the Federal Rules of Civil Procedure and federal statutes. But where conduct can be "adequately sanctioned under the Rules [or a statute], the Court ordinarily should rely on the Rules [or statute] rather than the

inherent power." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Yelton v. PHI, Inc.*, 279 F.R.D. 377, 384 (E.D. La. 2011). The Court turns now to those sources of authority cited by Defendant.[1] First, although Rule 26(a) does not provide for sanctions directly, a court may impose sanctions for violations of Rule 26 through Rule 37. Related to discovery, a court may impose sanctions for not obeying a discovery order including: (1) establishing facts, (2) precluding defenses or claims, (3) striking pleadings, (4) staying the proceedings, (5) dismissing the case, (6) granting default judgment, and (7) finding contempt. FED. R. CIV. P. 37(b)(2). Further, a court may impose sanctions where a party does not comply with the required disclosures in Rule 26 including: (1) excluding later supplied information, (2) imposing reasonable expenses caused by the failure, (3) informing the jury of the party's failure, and (4) levying the same sanctions listed above, as appropriate. FED. R. CIV. P. 37(c)(1). Lastly, where an attorney "multiplies the proceedings in any case unreasonably and vexatiously," a court may order the attorney personally to pay reasonable costs associated with the vexatious proceedings. 28 U.S.C. § 1927.

Defendant contends that Plaintiff refused to make initial disclosures that his attorney indicated to the magistrate judge he would make. Indeed, Defendant contends that at the case management conference, Magistrate Judge Alexander required Plaintiff to produce within seven days the "ledger" as requested by Defendant to help establish damages in this case and facilitate settlement. Defendant claims that Plaintiff never provided that "ledger" within seven days, and asserts that Plaintiff protracted litigation by failing to produce the requested documents. Instead

---

[1] In addition to the Rules cited here, Defendant moved for sanctions pursuant to Federal Rule of Civil Procedure 11. Federal Rule of Civil Procedure 11 authorizes a motion for sanctions, but also sets forth a safe harbor provision requiring the moving party to serve the motion on the offending party without filing it with the Court until twenty-one (21) days have passed. *See* FED. R. CIV. P. 11(c)(2). Defendant acknowledges that she did not comply with this procedure before filing the Motion for Sanctions [18]. The Court is therefore precluded from awarding any relief under Rule 11 since its procedural requirements are "mandatory" and "must be followed." *Marlin v. Moody Nat'l Bank, N.A.*, 533 F.3d 374, 378 (5th Cir. 2008); *see also Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995).

of filing a motion to compel as contemplated by the Federal Rules of Civil Procedure, however, Defendant waited until two months after Plaintiff voluntarily dismissed this action to request sanctions. The Court denies the request for sanctions based on any alleged discovery infraction.

"Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "An award of attorneys' fees under § 1927 requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014). When considering a fee request under Section 1927, the Court "must make detailed factual findings." *Id.* Specifically, the Court must "(1) identify the sanctionable conduct and distinguish it from the reasons for deciding the case on the merits, (2) link the sanctionable conduct to the size of the sanctions, and (3) differentiate between sanctions awarded under different statutes." *Id.* at 872. "[P]unishment under § 1927 is sparingly applied." *Id.* Section 1927's sanctions are "punitive in nature and require clear and convincing evidence that sanctions are justified." *Id.* They should be levied "only in instances evidencing a serious and standard disregard for the orderly process of justice, lest the legitimate zeal of an attorney in representing a client be dampened." *Id.* (punctuation omitted).

Defendant contends that Plaintiff and his attorney multiplied the litigation of this action by filing this case in federal court, even though there was a state court action pending when filed. The federal case was pending a little over three months. During that time, Defendant filed a Motion to Dismiss on the basis of jurisdiction. Plaintiff failed to respond to that motion, and

before the Court could address Defendant's claims, Plaintiff voluntarily dismissed this cause of action.

Despite the actions taken or not taken by the Plaintiff and his attorney before and after this federal action was filed and dismissed, the Defendant has not shown that either committed sanctionable conduct. Defendant has not presented clear and convincing evidence of "bad faith, improper motive, or reckless disregard of the duty owed to the court." *Id.* at 871.

The Motion for Sanctions is DENIED.

<u>Motion to Strike</u>

Plaintiff and his attorney are concerned about the allegations Defendant make against them in the Motion for Sanctions. Plaintiff has sought to strike that entire motion from the docket.

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading a[] . . . scandalous matter." By its express language, Rule 12(f) applies only to material contained in a "pleading." The Federal Rules of Civil Procedure includes within "pleadings" that may be filed: a complaint, an answer to a complaint, a third-party complaint, a counterclaim, or a cross claim; and, "if the court orders one, a reply to an answer." FED. R. CIV. P. 7(a) (1-7). Accordingly, Defendant's Motion for Sanctions does not fit within the express application of that Rule. *See Full House Resorts, Inc. v. Boggs & Poole Contracting Group, Inc.*, 2015 U.S. Dist. Lexis 39495, *11 n.3 (S.D. Miss. Mar. 27, 2015) (citing *Estate of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 634-35 (D. N.M. 2013); *Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc.*, 250 F.R.D. 414, 420 n.7 (E.D. Mo. 2008); 5C Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 1380 (3d ed.) (neither position paper nor motion for summary judgment fall within the definition of "pleading" such that those documents could be struck pursuant to Rule 12). *See*

4

*also* 2 James W. Moore, et al., <u>Moore's Federal Practice</u> § 12.37[2] (3rd ed. 2007) (noting that motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike).

Accordingly, Plaintiff's Motion to Strike [22] is DENIED.

*Conclusion*

Defendant's Motion for Sanctions [18] is DENIED in its entirety. The Motion to Strike [22] is also DENIED.

SO ORDERED, this the 15th day of June, 2015.

                                              /s/ Sharion Aycock
                                              **U.S. DISTRICT JUDGE**